UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

KEITH GRINSTON,

    Plaintiff,

    v.

CYPRESS MEDIA LLC, *doing business as* Belleville News-Democrat, and BRAD WEISENSTEIN,

    Defendants.

Case No. 10-cv-851-JPG-SCW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Cypress Media LLC's ("Cypress Media") Objection (Doc. 21) to Magistrate Judge Stephen C. Williams' Order (Doc. 18) of February 21, 2011, which granted Plaintiff Keith Grinston's ("Grinston") Motion to Amend (Doc. 14) and required Cypress Media to show cause why this matter should not be remanded to state court. The time for a response brief has yet to lapse, yet Grinston need not file one.

With respect to the standard of review, a district court reviewing a magistrate judge's decision on non-dispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) (2006)*;* Fed. R. Civ. P. 72(a); S.D. Ill. L. R. 73.1(a). In the instant objection, Cypress Media articulates several arguments why Magistrate Judge Williams' order warrants reversal and why this case should remain the domain of federal court. The Court will address each of these arguments in kind.

Cypress Media first argues that Magistrate Judge Williams unduly relied on the doctrine of fraudulent joinder; notably, Cypress Media does *not* provide a binding legal

baseline on which Magistrate Judge Williams *should* have relied.  The seminal case of *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009) makes clear that fraudulent joinder "can be a relevant factor for determining whether to permit [post-removal] joinder under [28 U.S.C.] § 1447(e)." *Id*. at 764.  Having reviewed the entirety of the underlying order as well as relevant case law, the Court is satisfied that Magistrate Judge Williams lent appropriate weight to fraudulent joinder principles and their implications in the case at bar.

Next, Cypress Media maintains that Magistrate Judge Williams erred in not considering the argument that Grinston's operative, Amended Complaint (Doc. 19) fails to state a claim against Defendant Brad Weisenstein ("Weisenstein").  More precisely, Cypress Media argues that Grinston failed to allege any facts relating to Weisenstein's knowledge (as an element of the defamation and willful and wanton conduct claims).  But, "[c]omplaints need not spell out every element of a legal theory[.]" *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 261 (7th Cir. 1998).  *See, e.g., J & J Sports Prods., Inc. v. Ward*, No. 10-cv-193-JPG, 2010 WL 4781140, at *3 (S.D. Ill. Nov. 17, 2010).  At this stage in federal litigation, Grinston must merely "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted).  The Court has thoroughly reviewed Grinston's amended complaint and finds the claims against Weisenstein demonstrate the requisite facial plausibility under federal notice-pleading standards.

Cypress Media also argues the claims against Weisenstein are without merit, but the Court should not and will not be making such fact-intensive, dispositive rulings at this stage in the litigation.  And, perhaps most importantly, Magistrate Judge Williams properly relied

on the "common defense rule" as it relates to fraudulent joinder, *see Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004), and acted within his discretion in permitting joinder of Weisenstein.

Finally, Cypress Media argues that Magistrate Judge Williams improperly assumed that Grinston will incur significant expense and difficulty in litigating the underlying incident in both federal and state fora. To support this proposition, Cypress Media touts the fact that it is "fully capable of satisfying any judgment which may result [from this case]." Doc. 21, p. 7. While this may be true, it cannot trump the general deference to Grinston's choice of forum. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should . . . presume that the plaintiff may choose his . . . forum. Any doubt regarding jurisdiction should be resolved in favor of the states.") (citations omitted). Grinston seeks to litigate in state court, and, in light of the proper joinder of Weisenstein, he has the right to do so.

Being fully advised of the premises, the Court does not find Magistrate Judge Williams' decision falls below the generous deference afforded him. Accordingly, the Court **AFFIRMS** his Order (Doc. 18) of February 21, 2011, and **DENIES** the instant Objection thereto (Doc. 21), whereby the Court **REMANDS** this matter to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**DATED: March 2, 2011**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**